**NESTLE PATENT HOLDING CO., Inc., et al.
v. GEM PERMANENT WAVE CO., Inc.**

(Circuit Court of Appeals, Second Circuit.
April 6, 1925.)

No. 282.

1. Patents ⬤⟿46 — Novel mechanical means, producing desired result, patentable, however slight advance in art.

Any advance in the art, however slight, if it produces a result desired by many by purely mechanical means, renders the device patentable, if novel.

2. Patents ⬤⟿328—1,400,370, for hair-waving apparatus, held valid and not anticipated.

Patent No. 1,400,370, for hair-waving apparatus, held valid and not anticipated.

Appeal from the District Court of the United States for the Southern District of New York.

Suit by the Nestle Patent Holding Company, Inc., and another against the Gem Permanent Wave Company, Inc. Decree for plaintiffs, and defendant appeals. Affirmed.

Suit is on patent 1,400,370, for "hair-waving apparatus," granted December 13, 1921, to plaintiff corporation as assignee of plaintiff Nessler. Specification discloses a plurality of combs with "arched or incut" teeth, so that the comb teeth fit the contour of the human head, with each comb joined to the next one, by and in their tops and in the same plane by a pair of links, each end of each link being pivotally fastened on a comb top. There are usually four to·six combs thus connected, with the result that any one pair of combs are joined together exactly as are a pair of parallel rulers, and the whole "gang" is movable within limits on the same principle as is a well-known gate used on ferryboats.

Result is that the "gang" of combs can be extended, so that the connecting links are at right angles to the combs, and can also be collapsed, so that the combs touch each other, in which position the links are almost in line with the combs, and this collapsed condition may show the combs in staggered relation to each other, though always parallel. The device works by insertion in smooth wetted human hair in the extended position, the comb teeth resting on the scalp; the combs are then pushed into the staggered relation, so that the hair is at once bent between the combs as they approach each other, and curved to the right or left, as the combs become staggered. The approximation of combs may be as close as desired, having regard to the mass of hair grasped, and the result is technically called a "water wave."

This apparatus is shortly and sufficiently described in claim 3: "A hair-waving apparatus, comprising a plurality of hair-engaging devices having means connecting them together and arranged to be placed in the hair in spaced apart sidewise relation, and to be moved relatively endwise and toward each other." The other claims in suit, 10, 12, 18, 20, and 22, do not, for our purposes, need special consideration.

Defendant makes and sells exactly the same thing, with the addition of a series of lugs on its links, preventing any staggered relation of combs, other than that of combs moving alternately to right and left as the collapsed condition is attained. Defense was invalidity of plaintiff's patent, the court below upheld it, and defendant appealed.

Charles G. Hensley, of New York City, for appellant.

Stephen J. Cox and Willis Fowler, both of New York City, for appellee.

Before ROGERS, HOUGH, and MANTON, Circuit Judges.

HOUGH, Circuit Judge (after stating the facts as above). [1] This patent may be said to represent no more than an effort to automatically arrange on a woman's head the same plurality of combs in the same way that hairdressers have long arranged similar separate combs, inserting them one at a time. It seems a small matter, but the object sought is one desired by many, and the means of attainment strictly mechanical and plainly patentable, if novel.

[2] The defense has presented the usual list of irrelevant inventions, but objection to this patent has (at this bar) simmered down to the doings of one Ramon Bové, who testified below. This man in 1910 procured patent 979,058 for a "hair-waving machine," and in 1911 he used in his business (at least experimentally) some modification of his patented device in the actual curling of human hair.

The patent is urged as a "complete anticipation." Its specification shows a box, opening like a book or waffle iron, each "leaf," so to speak, containing the same number of toothed receptacles for hair. The leaves were opened, the hair placed therein, the leaves closed, and the receptacles, moved toward each other, thus crumpling the hair between them, while the whole apparatus was heated. But every claim of Bové's which counts upon the movement of his hair

receptacles declares that they move toward each other in a "direction lengthwise of the sets," i. e. receptacles. There was not and could not have been any endwise movement of, or staggered relation between his "sets," and that is the prominent thought in claim 3 of plaintiff. As an anticipation Bové fails completely.

As to the prior use, it is only necessary to remember the rules regarding the clarity with which such use must be proven, and to quote from the remarks of the judge below, who saw and heard Bové. He held that it was "clear that Bové is not to be relied on," and this we think was a moderate way of putting it. It results that, even if what Bové swore to was true, the prior use was doubtful; but it was not doubtful that Bové could not be trusted as one telling the truth. That disposes of the last defense.

The broadest claim in suit having now been upheld, discussion of the others seems unnecessary.

Decree affirmed, with costs.